## Burdue v. Commonwealth.

(Decided June 21, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

One who carnally knows his half-sister is as much guilty of incest as though she were a sister of the full blood.

ELMER C. UNDERWOOD for appellant.

JAMES BREATHITT, Attorney General and THEODORE B. BLAKEY, Assistant Attorney General, J. M. HUFFAKER and LORAINE MIX for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant W. D. Burdue was indicted in the Jefferson Circuit Court, charged with the crime of incest. To that indictment he entered a plea of not guilty. Upon a trial before a jury he was found guilty as charged in the in-

dictment and given an indeterminate sentence in the penitentiary. He prosecutes this appeal and seeks a reversal upon three grounds: First, that the charge of incest is not made out by proof that the parties concerned were half brother and half sister; second, that a plea of former jeopardy interposed should have been sustained; and third, that he was the victim of a conspiracy entered into between the prosecuting witness and one Mrs. Mann. Considering these points in their natural order we will first determine whether or not the plea of former jeopardy should have been sustained.

The facts out of which it grows are as follows: Kate Vanderpool, the half sister of appellant, lived in Toledo, Ohio. She was sixteen years old. The death of her parents had left her a dependent orphan before she had reached her thirteenth year. At the urgent invitation of appellant and his wife she came to Louisville on June 30, 1910, to make his house her home. Appellant's family consisted of himself, wife and little daughter. Everything went well until August first, when his wife and daughter went away for a visit, leaving appellant and his sister in the house together. The very first evening after his wife left he made improper advances to his sister, and on the following Friday night forcibly had intercourse with her. This conduct was repeated by him for several days until she told a neighbor, Mrs. Mann, about it, and, acting upon her advice, caused appellant's arrest upon a charge of rape. He was indicted for this offense. Upon a trial on this charge he was found guilty; but, upon motion, the verdict was set aside and a new trial awarded him. Thereafter he was indicted for incest, and, upon motion of the Commonwealth's Attorney, the indictment for rape was filed away or dismissed, the Commonwealth having elected to prosecute him for incest rather than rape. Under the indictment charging rape he had been found guilty, but when that verdict was set aside the case stood as though it had never been tried. It resulted, then, that there were two indictments against him, one charging rape and the other incest. The Commonwealth elected to try the latter, and of this the appellant may not complain.

The case of Jones v. Commonwealth, 114 Ky., 599, is wholly unlike the case at bar. In that case the court simply held, that where a prosecution had been pending for some time, and the defendant was in court demanding

a trial, it was error for the court to file away the indict-
ment with leave to redocket, over the protest of the ac-
cused. The judgment was reversed because of this er-
ror and the cause remanded, with instructions to re-
docket the case and give to the accused as speedy a trial
as the ends of justice would permit.

Section 9 of the Criminal Code provides that all pub-
lic offenses may be prosecuted by indictment, save cer-
tain excepted classes, of which this offense is not one.
Clearly the grand jury was authorized to return an in-
dictment for rape if they believe the evidence before
them supported such a charge, and likewise they were
authorized to return an indictment for incest if the facts
warranted it.

Section 126 of the Criminal Code provides that an
indictment shall charge but one offense, although the
same offense, if it may have been committed in different
modes and by different means, may be charged in the al-
ternative.

Section 168 of the Criminal Code provides, that where
an indictment improperly charges more than one offense,
the attorney for the Commonwealth may dismiss one
of them.

Section 262 provides, that upon indictment for an of-
fense consisting of different degrees, the defendant may
be found guilty of any degree not higher than that
charged in the indictment, and may be found guilty of
any offense included in that charged in the indictment.

Section 177 provides, that where an offense consists
of different degrees, a conviction, or acquittal, by judg-
ment upon a verdict, shall be a bar to the prosecution of
the offense in any of its degrees.

Section 263 defines the offenses that may be deemed
degrees of the same offense, as follows: 1. All offenses
of homicide; 2. All injuries to the person; 3. All of-
fenses of larceny; 4. Arson and house-burning; 5. Bur-
glary and house-breaking: 6. An offense, and the at-
tempt to commit the offense, if the attempt be punish-
able.

These offenses could not be united or charged in the
same indictment.

In Fenston v. Commonwealth, 82 Ky., 549, it was held,
under an indictment charging rape upon a female under
twelve years of age that the offense of carnally knowing

her was a degree of the offense charged in the indictment.

And in Young v. Commonwealth, 16 Rep., 496, it was held, that under an indictment for rape the accused may be punished for an assault with intent to commit a rape.

But in Lowry v. Commonwealth, 23 Rep., 1240, it is held that the offense of unlawfully detaining a woman is not a degree of the offense of rape.

And in Smith v. Commonwealth, 17 Rep., 541, it was held that a trial under an indictment for adultery is not a bar for seduction for the same offense.

Incest is not a degree of crime of rape, and rape is not a degree of the crime of incest, and for the purposes of this case it is immaterial what disposition was made of the indictment charging rape. The trial court correctly held that a filing away of that indictment by the Commonwealth's Attorney was not a bar to the prosecution of the accused under the indictment for incest.

It is next insisted for the appellant that he is the victim of a conspiracy, entered into between the prosecuting witness and Mrs. Mann. This idea finds its origin in the fact that Mrs. Mann advised the prosecuting witness to have the appellant arrested after the prosecuting witness had told her of the improper relations existing between herself and appellant, and later visited and befriended her when she was confined in a convent. It is urged that Mrs. Mann is a designing, mischief-making, troublesome woman and that she evidently advised and encouraged the prosecuting witness to cause the arrest of appellant with the ultimate view of extorting money from him. If there was any evidence whatever of a tangible nature that there was any such purpose on the part of Mrs. Mann or the prosecuting witness, it might with some plausibility be urged that the trial court erred in not permitting the accused to go fully into this line of investigation; but there is no foundation in fact in the evidence for such a charge. The prosecuting witness accused the appellant of having carnally known her. She told Mrs. Mann that he had done so, and she simply advised his arrest, and later did what she could to befriend and assist this unfortunate orphan girl, who had been made the unwilling victim of her brother's lust.

But one question remains for our consideration, viz., is a half sister a sister within the meaning of the statute?

If so, the judgment must be affirmed, for the uncontradicted evidence shows that appellant carnally knew the prosecuting witness upon several occasions, and that at the time he did so he knew that she was his half sister —that they were children of the same father. She testifies positively to his having had sexual intercourse with her, and this evidence on her part is uncontradicted. Not only so, but he admitted to the arresting officer that he had been intimate with her.

The statute provides that "whoever shall carnally know his * * * sister * * * knowing such relation to exist, shall be guilty of a felony." No distinction is made in this statute between a full sister and a half sister.

Section 2096, Kentucky Statutes, provides that "a man shall not marry * * * his sister," no distinction being here drawn between the sisters of the full and half blood. And sub-section 3 of section 1393 provides that "When a person having right or title to any real estate of inheritance shall die intestate as to such estate," leaving neither father, mother, children, nor their descendants, such estate shall pass to his brothers and sisters, etc., and the only distinction here drawn between sisters of the whole and half blood is that those of the half blood take but half as much as those of the whole blood.

Thus, under the laws of descent and distribution, sisters of the whole and half blood are treated as belonging to the same class, and under the statute regulating marriages no distinction whatever is made between them, and a marriage to the one is as much prohibited as it is to the other. A marriage within the prohibited class is incestuous. We are clearly of opinion that the word "sister," as used in the statute under consideration, applies to and includes a half sister. So that one who carnally knows his half sister is as much guilty of incest as though she were a sister of the full blood.

Much is made of the fact that Kate remained at the house of her brother for a full week after he first had intercourse with her. It is argued that, being sixteen years old and having two or three dollars in money, she should have fled from the house at the first opportunity. So she should; but this failure on her part in no wise lessens appellant's offense. It is wholly immaterial whether she was the unwilling victim of his depraved nature, as she says she was, or, through weakness, super-

induced by improper fondling, kindness and affection, she willingly yielded herself up to him. It is the act which the law prescribes, and not the manner of its accomplishment. Every essential element of the crime is established by uncontradicted evidence and we see no reason for disturbing the finding of the jury.

Judgment affirmed.