## Breeding v. Commonwealth.

(Decided March 25, 1921.)

Appeal from Letcher Circuit Court.

1. Rape—Trial and Review.—It is error prejudicial to the substantial rights of one being tried for the crime of rape, and upon an indictment charging that offense, to permit the reading of an indictment charging him for the crime of incest and an indictment

against him for the crime of unlawful detention, etc., of a female, as evidence upon the trial.

2. Criminal Law—New Trial—Impeachment of Witness.—As a general rule a new trial will not be granted upon evidence, which tends only to impeach a witness, who has testified upon the trial, but this rule will not be followed, where it appears, that the newly discovered evidence is of such a character as is calculated to have a preponderating and decisive influence upon the verdict, and it appears upon the whole case, that justice requires the granting of the new trial and the opportunity to present the new evidence to a trial jury.

W. H. MAY and D. D. FIELDS & DAY for appellant.

CHAS. I. DAWSON, Attorney General, CHAS. W. LOGAN, Assistant Attorney General, and R. MONROE FIELDS, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, G. W. Breeding, was tried and adjudged to be guilty, of the crime of rape and his punishment fixed at confinement in the penitentiary for the period of twenty years. His motion to set aside the verdict of the jury and the judgment of the court, and to grant him a new trial, was overruled and he has appealed.

The two grounds, relied upon by him for a new trial, which are deemed necessary to be considered, are the errors of the court in admitting, over his objection, testimony which was incompetent as evidence against him, and the failure of the court to grant him a new trial upon the ground of newly discovered evidence.

The history of such a crime, as of which the appellant was convicted, is always attended with very revolting circumstances, and calculated to arouse indignation against an alleged perpetrator, and the instant case, is doubly so, since the victim of the alleged outrage was the daughter of the accused. In August, 1918, some one, it does not certainly appear whom, went before the grand jury, and obtained an indictment against appellant for the crime of incest, with his daughter, who was then about nineteen years of age, and resided with him, and it is alleged in that indictment, that the act of incest was committed on August 16, 1918, and the names of several witnesses are endorsed upon the indictment, one of whom is a son of the accused. This indictment was pending until the 16th day of April, 1920, when by an order of the

court, it was quashed, and upon the same day two other indictments were returned against appellant—one for the crime of unlawfully detaining a female against her will, with the intention of having carnal knowledge of her himself, and the other for the crime of rape, and in both of the latter indictments, the party who was alleged to be the victim of the crimes charged in the indictments, was the same daughter, with whom the appellant was accused of incest, in the first mentioned indictment.

In April, 1920, on the day following his indictment, he was brought to trial upon the indictment for unlawfully detaining his daughter against her will, etc., and was found guilty and sentenced to a term of four years' imprisonment. Thereafter, in August, 1920, he was brought to trial upon the indictment, which accused him of the crime of rape upon her. To this indictment he pleaded not guilty and a former trial and conviction. The basis of his plea, that he had suffered a former trial and conviction of the crime for which he was being tried, was his former trial and conviction of the crime of unlawful detention, etc. The latter crime is not a degree of the crime of rape, as has been held in the most recent decisions of this court upon the subject. Head v. Com., 174 Ky. 841; Burdue v. Com., 144 Ky. 428; Lowry v. Com., 23 K. L. R. 1240. The court decided the question of former trial and conviction against the accused, and it is now unnecessary to consider the soundness of that ruling, since, at the present term of this court, the judgment against appellant, adjudging him to be guilty of the crime of unlawful detention, etc., was reversed and a new trial granted him, and that action is now as if no trial had ever been had nor judgment rendered, and the question can not arise again, unless the accused shall again be convicted of that crime, and again be put upon trial, in this action, and the plea of former trial and conviction again interposed, but, we will not consider the question until it is presented for that purpose. During the trial, of the instant case, the accused in an attempt to contradict the complaining witness, introduced the indictments for incest and unlawful detention, as evidence, to the extent of showing the dates, upon which they were found and that the name of the daughter was endorsed as a witness upon one or both of them. The Commonwealth's attorney then offered to read each of these indictments as evidence to the jury, and over the objections of the accused, he was permitted to do

so, and of this the accused complains. The crime of incest is not a degree of the crime of rape nor of the crime of unlawful detention. Burdue v. Com., *supra.* The in-indictment for incest, which was read to the jury had lost its potency, by being quashed by the court. It could not possibly shed any light upon the issue of former trial and conviction. If the alleged facts upon which it was based were true, and such a fact as would be competent evidence in corroboration of the charge of rape, for which the accused was being tried, which is not decided, the truth of such fact could not be proven by an indictment, which is a mere accusation, and did not rise above the dignity of hearsay, but, its introduction as evidence had the effect of transforming the averments in it into substantive evidence of the facts therein alleged, and sanctioned by the finding of the grand jury, combined with the inference to be drawn from the witnesses upon it, that they had testified before the grand jury, as to the truth of the facts alleged in it and the grand jury had believed them, it could have no other effect except that of inflaming the jury against the accused, because of a fact of the truth of which there was no competent evidence, and causing it to disregard the defense of the accused to the charge upon which he was being tried and was prejudicially eroneous. The indictment for unlawful detention, etc., should not have been read as evidence to the jury, upon the issue as to the guilt or innocence of the accused of the crime of rape, since it was competent to prove nothing, except its existence. It was necessary for the court to consider it upon the plea of former trial and conviction made by the accused, but, it could in no state of case be allowed as evidence of the guilt of accused of the crime for which he was being tried, and as it occurred, it went to the jury as substantive evidence of the facts alleged in it, without any admonition as to its purpose or for which it should be considered, and although the court denied the plea of former trial and conviction, the indictment was permitted to remain as evidence of the truth of its contents and as bearing upon the issue, which was s :bmitted to jury, and the jury naturally considered it as substantive evidence and corroborative of the guilt of the accused of the charge in the indictment. This was a prejudicial error. The fact that an indictment has been found and is pending against one for incest or unlawful

detention of a female, could not be construed into making a motive or inducement upon his part to commit a rape.

The complaining witness was permitted to testify to four or five different rapes, which she declared were committed upon her by the accused, and the Commonwealth's attorney was not required to elect, which of them, he would rely upon for a conviction, nor did the court confine the jury by its instructions to any particular act of rape of which they should determine the guilt of appellant, as was held to be proper in McCreary v. Com., 163 Ky. 206, Newsom v. Com., 145 Ky. 627, and other similar cases, but the accused can not complain of this failure after trial, when he made no motion to require an election nor objection to the evidence nor to the proceedings on that account during the trial.

The motion for a new trial should have been sustained upon the ground of newly discovered evidence. The affidavit of the accused shows, without any contradiction, that he had been confined in jail, for a considerable period, in a county other than in which he lived, and where the action was pending, and without reasonable opportunity to discover and know of the evidence which he offered as a ground for a new trial. The new evidence is proposed to be given by five or six different persons who swear to affidavits to that effect, and is not cumulative, but while it is of the character to impeach the witness for the prosecution, under the facts of this case, it appears that it is reasonably calculated to have a preponderating influence upon a verdict. Ordinarily and as a general rule, a new trial will not be granted on account of newly discovered evidence which has the effect to merely impeach a witness, or to corroborate evidence which was given upon the trial, but this is not a hard and fast rule and there are exceptions to it, when the evidence upon the issue is of such a character, and when the newly discovered evidence is such as would be calculated to have a decisive influence upon the result. Swatz v. Mahan, 14 K. L. R. 301; Fleet v. Hollenkamf, 13 B. M. 219; Home Ins. Co. v. Cinti. N. O. & T. P. Ry. Co., 182 Ky. 778; Dunn v. Blue Grass, etc., 163 Ky. 384; Goddard v. Letta, 152 Ky. 538; Maynard v. Boram, 180 Ky. 392 and many others state the general rule, and the rule upon the subject of granting new trials because of impeaching evidence newly discovered, is subject to the same general rule.

The only competent evidence, of any special probative value, which was offered against the accused was the testimony·of his daughter, which to say the least, was not perfectly satisfactory for the purpose of sustaining the charge in the indictment, and her testimony, entirely uncorroborated, is denied explicitly by the accused, and the new evidence is, if true, explanatory of motives on the part of the daughter which tend to prove a malicious purpose upon her part, and a motive for giving false testimony, which if true, would require a finding for the accused.

The judgment is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.