Frank H. **BROWN** et al., Appellants,

v.

Lucy D. **SAUNDERS** et al., Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1965.

Rehearing Denied April 30, 1965.

Val A. House, Jr., Scottsville, for appellants.

Coleman, Harlin & Orendorf, Jo T. Orendorf, Bowling Green, for appellees.

J. L. HAYS, Special Commissioner.

This appeal involves the settlement of the estate of Fannie Brown and the proper distribution of the proceeds thereof. She died, intestate, July 26, 1961, without husband or issue. She left a considerable estate, both real and personal. The real estate has been sold under proper orders of the court and the funds are now in the hands of the administrator for proper distribution.

Surviving her were no children or their descendants; no father or mother; no

brothers or sisters or their descendants; no husband, no grandfather or grandmother; no great-grandfathers or great-grandmothers; no maternal uncles or aunts or descendants of maternal uncles or aunts, except the appellee, Lucy D. Saunders, who is the only child and descendant of Rory O. Mulligan, a maternal half blood uncle of the deceased Fannie Brown.

On the paternal side William A. Brown, the grandfather of Fannie Brown, deceased, had eight brothers and sisters and her grandmother, Sarah Alexander Brown, had eleven brothers and sisters, and most of these great-aunts and great-uncles left descendants, among them the appellants.

Thus it will be observed that Fannie Brown left no descendants to heir her estate and no ascendant heirs above or below the cousin level.

It is admitted, and shown by the record, that the appellee, Lucy D. Saunders, is a half blood cousin on the maternal side and sole and only heir on that side; that the appellants are full blood cousins on the paternal side and entitled to inherit as such.

Appellants contend that the appellee, being a cousin of the half blood on the maternal side, is entitled to only one-half the amount allotted the appellants, who are cousins of the whole blood on the paternal side. Therefore, they as cousins of the whole blood on the paternal side should be allotted three-fourths of the estate to be divided among them, and only one-fourth allotted to appellee as the sole and only heir on the maternal side. The appellee contends, however, that after the estate is divided into moieties, as provided in KRS 391.010, the half blood statute, as set out in KRS 391.050, only applies within the moieties.

The trial court held that the appellee, Lucy D. Saunders, as the sole and only heir on the maternal side, even though of half blood, was entitled to one-half of the estate and that appellants, even though of full blood on the paternal side, were enti-

tled to the other half, to be distributed among them according to their interest. Thus this appeal.

Therefore, the question presented is whether the only maternal heir of a decedent, a half blood cousin, takes only half the share she would take if she were a whole blood cousin under the statutes involved and under the facts presented in this case.

It is evident that a correct determination of the question presented depends on a proper interpretation of the two statutory sections involved, being KRS 391.010 and KRS 391.050, which are as follows:

### KRS 391.010

"When a person having right or title to any real estate of inheritance dies intestate as to such estate, it shall descend in common to his kindred, male and female, in the following order, except as otherwise provided in this chapter:

"(1) To his children and their descendants; if there are none, then

"(2) To his father and mother, if both are living, one moiety each; but, if the father is dead, the mother, if living, shall take the whole estate; if the mother is dead, the whole estate shall pass to the father; if there is no father or mother, then

"(3) To his brothers and sisters and their descendants; if there are none, then

"(4) To the husband or wife of the intestate; if there are none surviving, then

"(5) One moiety of the estate shall pass to the paternal and the other to the maternal kindred, in the following order:

"(a) The grandfather and grandmother equally, if both are living; but if one is dead, the entire moiety shall

go to the survivor; if there is no grandfather or grandmother, then

"(b) To the uncles and aunts and their descendants; if there are none, then

"(c) To the great-grandfathers and great-grandmothers, in the same manner prescribed for the grandfather and grandmother by subsection (a); if there are none, then

"(d) To the brothers and sisters of the grandfathers and grandmothers and their descendants; * * *"

*KRS 391.050*

"Collaterals of the halfblood shall inherit only half as much as those of the wholeblood, or as ascending kindred, when they take with either."

While there have been no recent applications of the half blood statute, the question involved in this case is not novel in Kentucky. This Court, in 1821, had before it the case of Pinkard v. Smith, 16 Ky. (6 Litt.) 331, which involved the interpretation of a statute similar to the one here involved:

"* * * the statute expressly declares that in passing to the collateral kindred, the inheritance shall be divided in two moieties, one of which shall go to the paternal and the other to the maternal kindred; and that clause in the statute, which restricts the portion of the half blood to half as much as that of the whole blood must be understood to apply to the half blood on the part of the same ancestor, and should not be construed to invest the collateral kindred of the whole blood of either ancestor, with any part of the moiety which is directed to pass to the kindred of the other."

■ In the case of Berg v. Berg's Adm'r, 105 Ky. 80, 48 S.W. 432, the Court, in construing the statute in effect at the time, and which was the same as section 391.050 of our present statute, held that it regarded the individuals of the two classes, and not the classes collectively, in making the apportionment between the collaterals of the whole and those of the half blood. Likewise, in the case of Nixon's Heirs v. Nixon's Adm'r, 38 Ky. (8 Dana) 5, it was held that the words, "those of the half blood" and "those of the whole blood", meant the individuals of the two classes, and not the classes collectively.

■ It is admitted in this case that there are no heirs involved above or below the cousin level. Therefore, there were no heirs to inherit under any of the first four sections of KRS 391.010 at which point, as provided in section (5) thereof, the estate was directed to be divided into moieties, one part to the paternal and the other to the maternal kindred. This being done, there are no grandfathers or grandmothers, as provided in section (a); nor are there any uncles or aunts as provided in section (b); but there are the descendants of the uncles and aunts, who are the parties to this action. It is our opinion that when the estate is divided into moieties section (5) intends that one-half of the estate shall pass to the paternal and the other half to the maternal heirs as a class. Therefore, the appellee, being the only heir on the maternal side, even though a half blood kinsman, is entitled to one-half of the estate as adjudged by the lower court.

We find no error in the judgment of the trial court and we recommend that it be affirmed.

The opinion is approved by the Court and the judgment is affirmed.