**Mollie RAGLAND et al., Appellants,**

v.

**Claude SHROUT, Admr. of the Estate of Millard M. Wade, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Edsel T. Jones, Winchester, for appellants.

Robert L. Rose, Grant & Rose, Daniel T. Yates, Hays & Hays, Winchester, for appellees.

REED, Judge.

This appeal is confined to the single question of who is entitled to inherit the real property of Millard Wade, who died an intestate adult resident of this state. Wade was survived by the issue of brothers of the half blood who had predeceased him and was also survived by uncles and aunts of the whole blood. The trial judge declared that under our law of descent and distribution the issue of the brothers of the half blood took the entire estate. The appellants, uncles and aunts of the whole blood, assert that this decision was erroneous. We affirm the judgment for the reasons later expressed.

Millard Wade died intestate in December 1969. At the time of his death he owned four tracts of land in Clark County, Kentucky. One tract he had acquired by deed from his parents. A second tract he had acquired by deed from his mother and half brothers who conveyed to him their interest in the parcel, which they acquired by dower and descent from Wade's father. Two remaining tracts vested in Wade by descent from his mother. The appellants are brothers and sisters of Wade's mother who had predeceased him. Wade was not survived by issue, nor parents, nor spouse. The real property, which is the subject of the controversy, aggregates approximately 65 acres.

KRS 391.010 provides that if a person dies intestate his real estate shall descend in the following order:

"(1) To his children and their descendants; if there are none, then

(2) To his father and mother, if both are living, one moiety each; but if the father is dead, the mother, if living, shall take the whole estate; if the mother is dead, the whole estate shall pass to the father; if there is no father or mother, then

(3) To his brothers and sisters and their descendants; if there are none, then

(4) To the husband or wife of the intestate; if there are none surviving, then

(5) One moiety of the estate shall pass to the paternal and the other to the maternal kindred, in the following order:

(a) The grandfather and grandmother equally, if both are living; but if one is dead, the entire moiety shall go to the survivor; if there is no grandfather or grandmother, then,

(b) To the uncles and aunts and their descendants; if there are none, then

(c) To the great-grandfathers and great-grandmothers, in the same manner prescribed for grandfather and grandmother by subsection (a); if there are none, then

(d) To the brothers and sisters of the grandfathers and grandmothers and their descendants; and so on in other cases without end, passing to the nearest lineal ancestors and their descendants.

(6) If there is no such kindred to one of the parents as is described in subsection (5), the whole to go to the kindred of the other. If there is neither paternal nor maternal kindred, the whole shall go to the kindred of the husband and wife, as if he or she had survived the intestate and died entitled to the estate."

KRS 391.050 states:

"Collaterals of the halfblood shall inherit only half as much as those of the wholeblood, or as ascending kindred, *when they take with either.*" (emphasis supplied).

The appellants argue that at common law real estate descended on failure of lineal descendants to collaterals of the blood of the first purchaser, and the collateral heir of the decedent must have been his next collateral kinsman of the whole blood; that since KRS 391.010 does not mention relatives of the half blood and since KRS 391.050 does not mention that relatives of the half blood take under KRS 391.010, the common law rule has not been abrogated. They contend that the estate should be divided into nineteen shares and distributed one share each to the descendants of the brothers of the half blood and two shares each to the six aunts and uncles of the whole blood.

The appellants assert that no case in this jurisdiction directly holds that relatives of the half blood take under KRS 391.010. Although not cited in the excellent and concise briefs filed by the parties to this appeal, the cases of Brown v. Saunders, Ky., 389 S.W.2d 77 (1965) and Morris v. Sparrow, Ky., 459 S.W.2d 768 (1970) appear to be our latest expressions concerning the problem. In the Brown case we followed the basic approach of Ryburn v. First National Bank of Mayfield, Ky., 399 S.W.2d 313 (1965).

In Ryburn we held that, under KRS 391.010, before any succeeding class of heirs may take, all those in the preceding class must be dead, and so long as there is a living member of a class no member of a succeeding class can take in his stead.

In Brown we held that KRS 391.050 (the half-blood statute) regarded the individuals of the class and not the classes collectively, in making the apportionment between the collaterals of the whole and those of the half blood. Thus, when KRS 391.-010(5) (b) became operative in Brown, because of the absence of heirs in the higher categories specified, the decedent cousin of the half blood was determined to be the only heir on the maternal side and was entitled to a full share of estate equal to the share inherited by the only heir on the paternal side who was a cousin of the whole blood. Brown, therefore, stands for the proposition that kindred of the half blood take under KRS 391.010.

This holding confirms by decision statements made in earlier cases such as Berg v. Berg's Adm'r, 105 Ky. 80, 48 S.W. 432 (1898), and Bertram v. Witherspoon's Adm'r, 138 Ky. 116, 127 S.W. 533 (1910). It is also consistent with the construction of KRS 391.050 made in Holmes v. Lane, 136 Ky. 21, 123 S.W. 318 (1909), wherein we said that all of the property goes to the brothers and sisters, even though they are of the half blood, where they are the next of kin, and that KRS 391.050 was only operative where the apportionment of the estate was to be made among the particular class that inherited. In this event, the statute requires that the heir of the whole blood within the category that inherits shall receive twice the share of the heir of the half blood of the same category. In the Morris case we squarely held that brothers and sisters of the half blood are members of the same class as the full brothers and sisters.

In sum, it appears that our decisions have generally regarded the noun "brother" or "sister" when used in statutes to include those of the half blood. For example, in Burdue v. Commonwealth, 144 Ky. 428, 138 S.W. 296 (1911), we construed a criminal statute that defined the

crime of incest to include the carnal knowledge of a "sister." It was therein held that the word "sister" included a sister of the half blood. The opinion discussed the statute of descent and distribution then in effect, which is identical in pertinent language to KRS 391.010; "Thus, under the laws of descent and distribution, sisters of the whole and half blood are treated as belonging to the same class, and under the statute regulating marriages no distinction whatever is made between them, and a marriage to one is as much prohibited as it is to the other." Burdue v. Commonwealth, 144 Ky. 428, 138 S.W. 296, 297.

23 Am.Jur.2d, Descent and Distribution, Sec. 47, pp. 791, 792 contains a discussion of the subject. This text states that the rule of the common law excluding the half blood has never met with favor in the United States. The same text declares: "Brothers and sisters of the half blood are included in a statutory provision for descent to brothers and sisters, unless a contrary intention appears. 'Descendants' in a provision for descent to brothers and sisters or their 'descendants' includes the descendants of half brothers and sisters." It seems to us that "a contrary intention" would appear by affirmative statement and not by silence, particularly in view of our consistent interpretation of the use of the words "brother" and "sister" in statutes unrelated to descent. In Morris v. Sparrow, Ky., 459 S.W.2d 768 (1970) we pointed out that were it not for KRS 391.050 kinsmen of the half blood would share equally with those of the full blood.

The appellants assert that KRS 391.020 has some significance in the present controversy. That statute, however, simply has no application to the present case. The first subsection of the statute applies only when an intestate decedent is survived by a parent who made a gift of property to the decedent. The remaining subsection applies only if the decedent is under the age of eighteen at the time of death. Neither of those conditions are presented in this case.

A court will not lightly overturn its previous construction of a statute of descent and distribution where such construction has not been challenged for many years and has generally been accepted and acted upon as a rule of property. 23 Am. Jur.2d, Descent and Distribution, Sec. 15, p. 762.

We hold that the descendants of brothers of the half blood take the entire estate of Millard Wade under the specific provisions of KRS 391.010(3). KRS 391.050 does not apply since there are no brothers or sisters of the whole blood or their descendants within the class prescribed by KRS 391.010(3). The circuit judge made the correct declaration under the law as we construe it.

The judgment is affirmed.

All concur.