Vondle Lee HAMILTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Aug. 31, 1983.

Rehearing Denied Nov. 23, 1983.

Jack E. Farley, Public Advocate, Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant and his wife, Pauline, were tried jointly for the crimes of rape and incest, emanating from a sexual intercourse by appellant upon their ten-year-old daughter. Appellant was found guilty and sentenced to life imprisonment for the rape, and ten years for incest, sentences to be served concurrently. Three errors are asserted on this appeal.

■ Appellant first contends that the introduction of evidence by the wife, during their joint trial, by which she sought to prove that she was a battered spouse and thus so frightened of her husband that she acceded to his demands, constituted evidence of other nonrelated offenses, thereby denying appellant a fair trial. This argument is without merit. There was no motion for separate trials filed herein, pursuant to RCr 9.16; nor was there any contemporaneous objection made to the evidence as it was adduced, thus not preserving any alleged errors for our consideration. *Huff v. Commonwealth*, Ky., 560 S.W.2d 544 (1977). Appellant participated in cross-examination concerning this alleged abuse, and even testified himself concerning at least one incident, thus effectively waiving any objection to that evidence. *Oney v. Commonwealth*, 225 Ky. 590, 9 S.W.2d 723 (1928).

■ Appellant next argues prejudicial error because the clerk, in calling the docket for the day and before the jury was even called or empaneled, read aloud that appellant was charged with "rape and persistent felony offender." The record contains no evidence that this occurred and, even assuming it did occur, there is no evidentiary record that it was heard or noted by the jury or that there was any influence on the verdict resulting therefrom. This argument, based upon the record before us, is also without merit.

■ The third error brought before us is apparently one of first impression. Appellant was convicted in this instance for *both* rape and incest resulting from a single act of sexual intercourse with his then 10-year-old daughter. Appellant contends that to permit the jury to impose both sentences for this single act constitutes violation of his constitutional guarantee against double jeopardy. We agree.

The standard rule for determination of whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . .

However, the *Blockburger* test is not applied in the abstract, so that we merely look at the statute standing alone. The test must be applied subjectively. When we view the present case, we find that the proof utilized to convict the appellant of rape was that he had sexual intercourse with a ten-year-old child, who was, in actuality, his daughter. The only additional fact—the relationship of father/daughter—was required in the incest charge. Thus, in a sense, the additional fact was not present in "each" case, as required by *Blockburger*, but in only one case.

Of nearest analogy is the case of *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In that case, Harris had been tried and convicted of the felony murder of a grocery clerk. The state then sought to try him for the armed robbery of the store. Armed robbery, of course, was a separate offense, and not an included offense, to a murder charge, just as incest is a separate offense and not an included offense to the charge of rape. *See Breeding v. Commonwealth*, 191 Ky. 128, 229 S.W. 372 (1921), and *Burdue v. Commonwealth*, 144 Ky. 428, 138 S.W. 296 (1911). In holding that the second prosecution was barred by the Double Jeopardy Clause, the court held that the ingredients of the lesser offense were necessary to prove the greater

offense, thus constituting two trials for the same incident. The court quoted *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), as follows:

[A] person [who] has been tried and convicted for a crime which has various incidents included in it, ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.

That part of the judgment finding the appellant herein guilty of the crime of rape and sentencing him to life imprisonment therefor is affirmed. That part of the judgment finding the appellant guilty of incest is reversed, and this case is remanded to the lower court with directions to set aside the incest conviction.

All concur except AKER and WINTER-SHEIMER, JJ., who dissent and file herewith separate dissenting opinions.

AKER, Justice, dissenting.

I must dissent from that portion of the majority opinion which reverses the appellant's conviction for incest. The majority contends that conviction for both rape and incest violates the constitutional prohibition against double jeopardy. I respectfully disagree.

As the majority correctly points out, the standard for determining this issue was stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....

Where the majority opinion goes astray is in its insistence that this rule is somehow something more than a rule of statutory construction. It is not. The majority opinion appears to suggest that conviction for both offenses is prohibited because both crimes were committed by the same act, and thus would involve substantially the same "proof" at trial.

This reasoning ignores the language of *Blockburger, supra,* upon which the majority purports to rely. The rule does not say conviction of two separate offenses for the same act is prohibited, but instead, the rule is designed to determine *when* conviction of two offenses for the same act is prohibited. Conviction of two offenses is not prohibited where "each provision requires proof of a fact which the other does not." The "facts" referred to are the elements of the statutory provisions.

In this case it is clear that "each provision requires proof of a fact which the other does not." Rape, as defined in KRS 510.040 and as applied to this case, requires proof of (1) sexual intercourse, (2) with one who is less than twelve years old. Incest, as defined in KRS 530.020, requires proof of (1) sexual intercourse, (2) with certain members of one's family (in this case the appellant's daughter). While both rape and incest each require proof of sexual intercourse, each requires proof of an additional fact which the other does not. The rape herein requires proof that the partner was under twelve; incest requires proof of a family relationship.

The majority's reliance on *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054, is likewise unpersuasive. Under the felony murder statute involved in that case, conviction of felony murder required proof of the underlying felony. Obviously then, the underlying felony was a "lesser-included offense" of felony murder in the sense that conviction for felony murder required proof of *every* element of the felony. Conviction for the felony did not require proof of a fact not required for conviction of felony murder.

I am of the opinion that conviction for both rape and incest under the facts of this case do not violate the constitutional prohibition against double jeopardy. The policy behind each statute is distinct. The rape statute seeks to deter and punish those who would have intercourse with children incapable of consent. The incest statute seeks to deter and punish those who would have intercourse with close members of their family. That the appellant committed both

crimes by the same act is of no constitutional significance.

I would affirm the judgment of the lower court in all respects.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction for incest because the conviction for both rape and incest does not constitute double jeopardy. Two laws have been violated by the appellant. Two penalties should be imposed. No prejudice results because he is to serve both sentences concurrently. A life sentence only means that he will be eligible for parole in less than eight years.

The legislature has prohibited two different crimes. Consequently, there is no logical reason why he is prejudiced by imposing two penalties.

Child abuse by means of the illegal sexual conduct of incest is not a lesser-included offense of the crime of rape. There are two separate laws which have been violated. The majority decision severely limits prosecutors in charging those who abuse female children. It creates a new technical defense and gives an unneeded advantage to those who break the law. The trial court did not err and did not violate the appellant's constitutional guarantee against double jeopardy as well as his right to be free of multiple prosecutions by permitting a conviction of incest as well as rape.

The crime of incest denounced by KRS 510.040 requires proof of a different fact than does the offense of rape, and rape requires different proof from incest. A conviction for incest requires a showing of sexual contact within a proscribed degree of blood relationship, and there is no requirement that forcible compulsion be shown. On the other hand, blood relationship is irrelevant for a rape conviction but forcible compulsion is a required element. Incest is not a degree of the crime of rape, and rape is not a degree of the crime of incest.

The majority totally misinterprets the case of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Two offenses are the same under the double jeopardy clause of the Federal Constitution, unless each requires proof of an additional fact that the other does not. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Here the offenses of rape and incest are clearly separate and one is not a lesser-included offense of the other. Each offense requires proof of a fact that the other does not. The appellant's conviction of rape and incest did not violate the double jeopardy prohibition. The majority opinion is a significant departure from existing case law.

The majority opinion ignores the legislative mandate of KRS 505.020, which states that where a single course of criminal conduct establishes the commission of more than one offense, the accused may be prosecuted for each offense. The exceptions as set out in KRS 505.020(1)(a), (b) and (c) do not apply here. The citations of authority and their interpretation by the majority are not persuasive.

The criminal conduct of the appellant compounded the convictions. He cannot legitimately claim the protection of constitutional double jeopardy. There is no manifest injustice or constitutional infirmity in the conviction for both incest and rape.

I would affirm the conviction in all respects.