Eugene DENNY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 19, 1984.

Rehearing Denied July 5, 1984.

---

Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

Appellant was convicted of the crimes of rape and incest and was sentenced to imprisonment for 50 years for rape and 10 years for incest, the terms to run concurrently.

While in custody prior to trial the appellant admitted his guilt of the crimes to the sheriff. Over objection of appellant that the admission of guilt was obtained in violation of his Fifth and Sixth Amendment rights under the United States Constitution, the sheriff was permitted to testify about the admission.

The Fifth Amendment guarantees that no person shall be compelled in any criminal case to be a witness against himself, and the Sixth Amendment guarantees in any criminal case the right of a defendant to have the assistance of counsel for his defense. Section Eleven of the Kentucky Constitution contains identical guarantees, but no issue is raised by appellant concerning any violation of the Kentucky Constitution.

The facts are not in dispute. When appellant was arrested pursuant to a warrant for arrest, he was informed of his constitutional rights commonly known as *"Miranda* rights."* He was questioned about the offenses and did not elect to remain silent but volunteered that he was not guilty of the offenses. The record does not disclose any request for counsel.

The following day appellant was taken before a district judge for the purpose of fixing bond and for the purpose of setting a preliminary hearing. The *"Miranda* rights"* were again read to appellant, and the record does not disclose any request by him for appointment of counsel. It appears that without counsel a preliminary hearing was set for March 26, 1982, and counsel was appointed to represent appellant in further proceedings.

The sheriff escorted appellant back to the jail. On the previous day while he was being interrogated, the sheriff had informed the appellant that he would talk with him at any time the appellant desired. On the way back to the jail the sheriff said to the appellant:

> "I feel like you have something else you want to tell me."

The sheriff then testified that appellant:

> "turned around and looked right at me and he said 'I do, I did it, I raped her' and he held himself and he said 'I feel terrible inside.' He said 'There is something here that is tearing me apart,' and then he started crying and got real emotional."

■ Appellant contends he was compelled to be a witness against himself because the *"Miranda* warning"* was not given to him immediately before he made his statement. He contends that the warning given on the previous day when he was arrested and given again just a short time earlier when he appeared before the district judge was not sufficient.

No case is cited by appellant for the proposition that interruption of an interrogation for a brief interval requires that *"Miranda* warnings"* be given anew before the resumption of interrogation.

■ In this case the characterization of the sheriff's comment to the appellant as an interrogation requires a wide departure from the commonly understood definition of the term, and to hold that such an innocuous comment compelled appellant to be a witness against himself would amount to a complete flight of fancy.

The right not to be compelled to be a witness against one's self was written into the constitution from experience with confessions obtained through torture. Prolonged questioning for such duration as to break down one's will has long been condemned because of the involuntary character of a confession obtained thereby. The statement of the sheriff did not constitute an interrogation, the appellant was sufficiently advised of his rights, and he suffered no violation of Fifth Amendment rights.

■ The appellant's Sixth Amendment guarantee of the right to counsel to assist in his defense was not violated. This guarantee comes into play once adversary proceedings have commenced against an individual. *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

An adversary proceeding has been said to have commenced by an indictment because elemental concepts of due process of law contemplates that an indictment will be followed by a trial presided over by a judge and protected by the procedural safeguards of the law. *Spano v. New York,* 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959).

■ A warrant, unlike an indictment, is not a charge but is simply a command to arrest. Whether or not a trial will follow depends upon the further action of a grand jury.

*Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), establishes the arraignment as the commencement of adversary proceedings, and in *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), arrest and arraignment on a warrant was held to initiate the right

to counsel, although the holding hinged in some degree upon an agreement that police officers would not interrogate the defendant during the time he was being transported from one jurisdiction to another.

In *Brewer v. Williams, supra,* the United States Supreme Court held that information obtained from a defendant concerning the murder of a child, which was elicited by a conversation between police officers in the presence of the defendant about a necessity to afford the deceased child a Christian burial, was improperly admitted into evidence.

■ From this holding, the appellant reasons that his admissions were elicited by the comments of the sheriff. *Brewer v. Williams, supra,* is not dispositive here because it is based upon a completely different factual situation. Upon the facts in this case, it is our opinion that the comments of the sheriff constituted neither an interrogation of the appellant nor a ruse designed to elicit information from him in violation of his constitutional right to have the assistance of counsel in his defense. The decisions of the United States Supreme Court do not provide a clear guideline as to when the constitutional right to counsel attaches, but in this case, assuming but not deciding it had attached, there was still no Sixth Amendment violation in the procedure about which complaint is made.

■ Appellant further contends that he could not be lawfully convicted of both rape and incest arising from one sexual assault upon one person. His contention in this regard is sustained by our decision in *Hamilton v. Commonwealth,* Ky., 659 S.W.2d 201 (1983).

■ The competency of an infant to testify is a matter which addresses itself to the discretion of the trial judge, and we see no abuse of discretion in the ruling of the trial court in this case.

An allegation concerning the propriety of instructions was not preserved for review, and there is no showing of manifest injustice such as would allow review in the absence of preservation.  ⋅

The Judgment of conviction for rape is sustained. The conviction for incest is reversed.

STEPHENS, C.J., and VANCE, GANT and STEPHENSON, JJ., concur.

LEIBSON, WINTERSHEIMER and AKER, JJ., dissent by separate opinions.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. Where the United States Supreme Court has held that certain evidence is constitutionally impermissible, we are not free to hold otherwise. Such is the case here.

In its brief the Commonwealth concedes the following:

"... appellant was brought to District Court for the bond hearing.... The District Judge entered a plea of not guilty; set a preliminary hearing for March 26, 1982; set bond at $10,000; and appointed the law firm of Francis and Francis to represent appellant." Brief for Appellee, p. 6.

At this point according to numerous decisions in the United States Supreme Court, appellant's Sixth Amendment right to counsel had attached and "further police-initiated custodial interrogation even if he has been advised of his rights" is constitutionally impermissible. *Edwards v. Arizona,* 451 U.S. 477, 484, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981). The exchange that occurred upstairs at the jail when the Sheriff brought the appellant back from the arraignment was a "police-initiated custodial interrogation." If not a direct question, the Sheriff's statement to the appellant was at the least "designed to elicit information from the accused," and thus the appellant's statement was inadmissible "regardless of whether there is a formal interrogation." *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

"(A) confession may not be introduced where 'the Government has interfered with the right to counsel of the accused by 'deliberately eliciting' incriminating statements.' " *United States v. Henry,*

447 U.S. 264, 272, 100 S.Ct. 2183, 2188, 65 L.Ed.2d 115 (1980).

Here the statement by the Sheriff to the accused before he confessed and the circumstances in which it was made is a violation of this rule.

The only evidence to convict the appellant other than this brief but damaging confession was the testimony of his 9-year old daughter, mentally deficient and mildly retarded. Whether the appellant would have been convicted without his statement given at the Sheriff's urging is subject to question.

Much as I abhor and condemn a crime of this nature, confronted by the mandate of the United States Supreme Court and a case where the error may have contributed to the verdict, we should reverse and remand for a new trial.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction for incest for the reasons set out in my dissent in *Hamilton, supra.* The crimes of rape and incest involve different elements and I believe the legislature intended to provide suitable punishment for each offense so as to deter both crimes.

AKER, Justice, dissenting.

I must respectfully dissent from that portion of the majority opinion which reverses the appellant's conviction for incest for the reasons articulated in my dissent in *Hamilton v. Commonwealth,* Ky., 659 S.W.2d 201 (1983).