Raymond Morgan HARDY, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Oct. 16, 1986.

As Amended Oct. 20, 1986.

Rehearing Denied Dec. 18, 1986.

**728**

Tod D. Megibow, Appellate Public Advocate, Paducah, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Penny R. Warren, Asst. Atty. Gen., for appellee.

GANT, Justice.

The appellant was found guilty of first-degree sodomy by a Graves Circuit Court jury, and punishment was fixed at 20 years' imprisonment. Four issues are raised on this appeal.

The first issue involves the use of a videotaped deposition for the six-year-old victim. The Commonwealth moved for such deposition pursuant to RCr 7.10 and RCr 7.12, which rules, in essence, permit such procedures in those instances where there is a prospective witness "who may be unable to attend a trial ..." The Commonwealth accompanied its motion with an affidavit from a certified psychologist and a letter from the child's treating physician, both to the effect that her testimony in person at trial would be detrimental to the child emotionally and psychologically and might permanently endanger her psychological recovery. The motion was subsequently amended by the Commonwealth to add KRS 421.350(3) as a basis for taking the deposition, that statute having become effective since the alleged acts.

The court, after hearing objections and on November 9, 1984, granted the motion that the Commonwealth be permitted to take the videotaped deposition for use at trial, basing its order on the Rules of Criminal Procedure, and holding in said order that KRS 421.350(3) was violative of the "face-to-face" confrontation clause of the Kentucky Constitution. It should be noted here that appellant presented no evidence to conflict with the evidence of the Commonwealth concerning the potential harmful effect to the victim of a personal appearance in court.

■ On April 4, 1985, the court conducted a proper hearing into the competency of the infant victim to testify and specifically her definition of a lie ("something that really did not happen") and the truth ("something that happened"). The judge even asked if the stories she had been telling about the appellant were the truth, to which she answered "yes." Based upon the report of the Comprehensive Care Center and the hearing, the trial judge ruled that the victim was a competent witness. We find no abuse in the discretion by the trial judge. *Cf. Denny v. Commonwealth,* Ky., 670 S.W.2d 847, 850 (1984).

■ The videotaped deposition was taken on April 18, 1985. Present at the deposition were the Commonwealth Attorney, the appellant, his trial counsel, and the camera operator who was stipulated as being competent. Appellant admits no limit was placed on "face-to-face" confrontation or on any questions he was permitted to ask the victim.

Prior to and during trial, appellant objected to the use of the videotape. Certain parts were edited as a result of his objection, but the remainder of the tape was played before the jury over the objection of the appellant. In addition to the general competency of the witness to testify, ruled on above, his objections were based on (1) failure to administer the oath to the witness prior to the taking of the deposition, and (2) leading the witness.

■ Relating to the oath, there was no objection made until the depositions were concluded. RCr 7.20(2)(b) provides that if error occurs in the oath or affirmation, objection must be promptly made so the error might be "obviated, removed or cured," and failure to make prompt objection constitutes waiver. Additionally, the competency hearing held two weeks before

the deposition clearly demonstrates that the child herein recognized her moral obligation to tell the truth. *Cf. Hendricks v. Commonwealth*, Ky., 550 S.W.2d 551, 554 (1977). We thus find no error.

The trial judge has broad discretion in permitting leading questions to a child of tender years and herein we find no abuse of this discretion. *Meredith v. Commonwealth*, 265 Ky. 380, 96 S.W.2d 1049 (1936), and *Peters v. Commonwealth*, Ky., 477 S.W.2d 154, 158 (1972).

Appellant next contends the trial court erred in requiring him to furnish to the court a list of his prospective witnesses. This list was requested for the purpose of voir dire and at the outset of voir dire. Over his objection, the appellant did furnish the list, and argues on appeal that this requirement is in violation of his Sixth Amendment right to effective assistance of counsel, citing *King v. Venters*, Ky., 596 S.W.2d 721 (1980). This case is inapplicable, as it holds that the prosecution may not require a defendant to provide a list of witnesses during *pre-trial discovery*. In the instant case, the list was furnished to the trial judge after the commencement of voir dire. The judge then read the names of all witnesses, both defense and prosecution, and asked the jurors if they were "close personal friends" or "related by blood or marriage" to any of the named witnesses. We find no error or invasion of constitutional rights in this procedure.

Appellant's next objection alleges error in failing to strike three jurors for cause, viz., Joseph E. Toon, Jr., Kenneth Crouch and Wendy Crass. We have examined the entire record concerning the voir dire of these jurors and feel the appellant's claim is without merit.

The final allegation of error concerns the testimony of Dr. Jim Matney, a clinical psychologist, and Beverly Craig, a psychologist with the mental health center. Examination of the testimony of Dr. Matney reveals no bolstering of the testimony of the victim, but merely a description of the victim herself as being a bright child, with an IQ of 136. The testimony of Beverly Craig, however, was of a bolstering nature, and, when she was asked for a long-term prognosis for the victim, she volunteered that the impact would be slight if the victim was treated in an accepting and supportive way and would be damaged if people treated her as if she were lying.

Some background must be given to place these statements in prospective. Throughout voir dire, defense counsel repeatedly asked prospective jurors if they thought children could be coaxed or taught to lie. One juror was even asked if the defense must prove that the victim had a motive for lying. In his opening statement, trial counsel asked "Can a child who is very bright be coaxed into lying or was she telling the truth?." He made the statement that children can be coaxed and bribed and can be scared enough that they will say anything so they do not get punished.

Although the testimony of Beverly Craig, albeit not responsive to the "prognosis" question asked her, was bolstering in nature and encouraged the jury to believe the child in order to assist with her recovery, we do not feel the requested mistrial was warranted under the circumstances of this case. A simple admonition by the court to disregard the testimony would have cured any error, but no admonition was requested by the appellant.

Accordingly the judgment is affirmed.

All concur.