Timothy Marteves TAYLOR, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2003–SC–0850–DG.

Supreme Court of Kentucky.

Jan. 19, 2006.

V. Gene Lewter, Fayette County Legal Aid Inc., Lexington, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, David A. Smith, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed a judgment based on a conditional guilty plea entered by Taylor to one count of trafficking in a controlled substance and one count of possession of marijuana. He was sentenced to five years for the trafficking charge and twelve months for the possession offense, the sentences to run concurrently for a total of five years in prison.

The question presented is whether the circuit judge erred by denying the motion by Taylor to suppress his statements to the police and the evidence found on his person.

Police received information from a confidential source that Taylor was in possession of crack cocaine. The informant, who had proven reliable on prior occasions, gave the police a detailed description of Taylor's physical appearance, clothing and whereabouts. The officers went to the location in search of the person who had cocaine. They saw Taylor and observed that he matched the physical description of the suspect. As the officers approached him, Taylor moved in the opposite direction, occasionally making furtive glances at the officers. Eventually, the officers confronted Taylor next to a wall and handcuffed him.

The officers were in an area known for drug trafficking activity and they were cognizant of the fact from prior experiences that there were multiple escape routes. One of the police officers testified that Taylor was restrained because they feared he was a flight risk. After handcuffing Taylor, the officers advised him that he was not under arrest and that they had been told he possessed drugs. At that point, Taylor voluntarily admitted to the officers that he had cocaine and marijuana in his pockets. From the time he was handcuffed until the time he made the statement, approximately ten to fifteen seconds elapsed. The police then arrested Taylor, searched him and found the drugs on his person. He was read his Miranda rights after being formally arrested and he refused to answer any questions.

The grand jury indicted Taylor on one count of trafficking in a controlled substance and one count of possession of marijuana. Taylor moved to suppress his statements and the evidence. The circuit judge conducted a suppression hearing and overruled the motion. He found that the police had sufficient basis for initiating the

contact with Taylor and securing him for his protection as well as their own, and that the officers were not interrogating Taylor. Following the denial of his suppression motion, Taylor entered a conditional guilty plea to the charges and was sentenced to a total of five years. The Court of Appeals affirmed the judgment and this Court accepted discretionary review.

■ Taylor argues that the circuit judge erred by overruling his motion to suppress his statements made to police and the evidence found on him following his custodial statement made without Miranda warnings. He asserts that he was not free to leave and the police did not have the right to make accusations in order to get an incriminating statement from him. Taylor admits that no specific questions were asked of him, but he argues that the statements made by the police were designed to elicit an incriminating response. He contends that although the officers did not frame their inquiry in the form of a question, the term "interrogation" under Miranda refers not only to express questioning but also to any words or actions on the part of the police that they should know are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). We disagree with Taylor's argument.

The circuit judge acted correctly in denying the motion to suppress the incriminating statements and the physical evidence that was found as a result of that statement. Taylor was handcuffed to allow officers to conduct an investigative stop in an area which they knew had multiple escape routes. The handcuffs were used only as a means of reducing the mobility of Taylor. The circumstances of the furtive glances given by Taylor as he walked away from the officers, as well as the escape route possibilities, caused them to consider him a serious flight risk. He was not placed in custody as that phrase has been generally used in the context of Miranda cases. As the officer began to tell Taylor why he was being stopped, Taylor spontaneously interrupted him stating that he had crack cocaine and marijuana in his pockets.

*Innis, supra,* certainly does not support Taylor's position. Innis was arrested following the robbery of a taxicab driver. He was advised of his Miranda rights and placed in a vehicle with three other police officers. While en route to the station, one of the officers initiated a conversation with a second officer. He indicated to him that he frequents this area on patrol and that because a school for handicapped children is nearby, it would be tragic if one of them found a loaded weapon. The second officer shared the concerns of the first officer. Innis interrupted the conversation and told the officers to turn the car around so he could show them where the gun was located. The police returned to the scene of the arrest where a search for the shotgun was in progress. Innis was given his Miranda warnings again and stated that he understood those rights, but that he wanted to get the gun out of the way because of the children in the area. He then led police to the weapon. The court held that Innis was not subjected to express questioning, nor its functional equivalent.

■ The evidence indicates that the statements made by Taylor were not in response to any police statement reasonably calculated to elicit an incriminating response. Miranda requires an individual who is stopped to be apprised of his/her rights only in the context of a custodial interrogation. Here, there was no custodial interrogation. *See Commonwealth v. Vanover,* 689 S.W.2d 11 (Ky.1985), *cert. denied* 474 U.S. 953, 106 S.Ct. 322, 88

L.Ed.2d 305 (1985). *Cf. Denny v. Commonwealth,* 670 S.W.2d 847 (Ky.1984), *overruled on other grounds Commonwealth v. Burge,* 947 S.W.2d 805 (Ky.1996).

■ The findings of fact made by the circuit judge are supported by substantial evidence and are conclusive pursuant to RCr 9.78. Taylor has not demonstrated that the findings of fact are otherwise. Taylor was not in custody for Miranda purposes simply because he was handcuffed and detained in order to prevent his flight until the investigation was completed. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), holding that brief investigatory stops by police are permitted when there is reasonable articulable suspicion that criminal activity is afoot. *See also United States v. Foster,* 376 F.3d 577 (6th Cir.2004), which held that the use of handcuffs does not exceed the bounds of a Terry stop, so long as the circumstances warrant that precaution. Telling an individual of the reason he is being stopped by police is not an interrogation. To consider such actions or statements by police to be an interrogation would force the police to work in silence, detaining people without even informing them of what is going on. The statement made by police informing Taylor as to why he was being detained was not reasonably likely to elicit an incriminating response.

The opinion of the Court of Appeals is affirmed.

All concur.