No. 83–1212.   KENTUCKY v. HAMILTON.   Sup. Ct. Ky.   Certiorari denied.

JUSTICE REHNQUIST, with whom JUSTICE O'CONNOR joins, dissenting.

Respondent Hamilton was tried for the crimes of rape and incest, in which he was charged with having had sexual intercourse with his 10-year-old daughter.   He was found guilty on both

counts and was sentenced to life imprisonment on the rape charge and 10 years on the incest charge, the sentences to be served concurrently. The Supreme Court of Kentucky affirmed his conviction for rape and his sentence of life imprisonment, but reversed his conviction for incest. 659 S. W. 2d 201 (1983). That court was of the view that sentencing respondent for two different crimes based on the single act of intercourse with his daughter violated the constitutional guarantee against double jeopardy.

The Supreme Court of Kentucky believed that the closest analogy to the present case was our decision in *Harris* v. *Oklahoma*, 433 U. S. 682 (1977), in which we held that petitioner Harris, who had earlier been tried and convicted of the felony murder of a grocery clerk, could not be later tried for the armed robbery of the store which was the predicate offense for the felony-murder prosecution. In the present case, however, it is undisputed that the State defines rape as sexual intercourse with one who is less than 12 years old, Ky. Rev. Stat. § 510.040(1)(b)(2) (1975), and defines incest as sexual intercourse with a member of one's family, Ky. Rev. Stat. § 530.020 (1975). Thus while both offenses require the element of sexual intercourse, each requires an additional element which the other does not. Although the Kentucky Supreme Court purported to rely on our decision in *Blockburger* v. *United States*, 284 U. S. 299 (1932), its ruling is directly contrary to this language from *Blockburger:*

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . ." *Id.*, at 304.

Earlier this Term, we reiterated the traditional definition of the protection of the Double Jeopardy Clause of the Fifth Amendment:

> " ' "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." ' *Brown* v. *Ohio*, 432 U. S. 161, 165 (1977), quoting *North Carolina* v. *Pearce*, 395 U. S. 711, 717 (1969)." *Ohio* v. *Johnson*, 467 U. S. 493, 498 (1984).

In the present case, respondent Hamilton has neither been acquitted and subjected to a second prosecution, nor convicted and subjected to a second prosecution. The only conceivable double jeopardy protection which he can invoke is that against multiple punishments for the same offense. But we held in *Missouri* v. *Hunter*, 459 U. S. 359, 368 (1983), that the question whether punishments are "multiple" under the Double Jeopardy Clause is essentially one of legislative intent, a principle we reaffirmed in *Ohio* v. *Johnson, supra,* at 499, and n. 8. Here the Kentucky Legislature has given no indication that it wishes something less than the statutorily provided penalty imposed for each offense when a defendant is convicted of both rape and incest. There was, therefore, no violation of the Double Jeopardy Clause of the Fifth Amendment, as applied to the States by the Fourteenth Amendment to the United States Constitution, entailed in the sentences imposed by the Kentucky trial court.

I believe that the decision of the Supreme Court of Kentucky is so obviously mistaken that it should be summarily reversed on the authority of *Ohio* v. *Johnson, supra,* and *Missouri* v. *Hunter, supra,* but at the very least I would grant the State's petition for certiorari, vacate the judgment below, and remand this case to the Supreme Court of Kentucky for reconsideration in the light of those cases.