**Robert KUHN, Plaintiff,**

**v.**

**J. Thomas JOHNSON, Director of the Department of Revenue of the State of Illinois, in his official and individual capacity, Thomas Nickell, Department of Personnel of the Department of Revenue of the State of Illinois, in his individual capacity, and Joan Hemstock, Section Manager, Document Perfection Section, Department of Revenue of the State of Illinois, in her individual capacity, Defendants.**

**No. 85–3338.**

United States District Court,
C.D. Illinois,
Springfield Division.

May 13, 1988.

D. Bradley Blodgett, Springfield, Ill., for plaintiff.

Sarah Pratt, Asst. Atty. Gen., Springfield, Ill., for defendants.

### OPINION

RICHARD MILLS, District Judge:

Was Kuhn a "certified" state employee, or merely a "trainee?"

This is the taproot question here.

For its answer resolves the matter.

This cause is before the Court on the parties' cross-motions for summary judgment. Plaintiff asserts that he was discharged from his "certified" position at the Illinois Department of Revenue without due process. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for this

---

alleged violation of his Fourteenth Amendment right. Defendants argue that because of Plaintiff's status as a "trainee" employee, he was an employee at will and, therefore, had no right to due process prior to his release by the Department of Revenue.

### I—FACTS

The facts involved in this cause are undisputed. Plaintiff began work as a "trainee" employee with the Department of Rehabilitation for the State of Illinois on January 17, 1983. Pursuant to Illinois law and administrative regulations, a traineeship lasts six months during which time the employee is periodically evaluated. A trainee is employed at will and his employment may be terminated without notice or hearing. Plaintiff successfully completed his traineeship at the Department of Rehabilitation in June 1983 and thus became a "certified" state employee. Among other benefits, a certified employee may not be discharged unless the state shows cause for discharge and holds a disciplinary hearing.

On March 15, 1984, Plaintiff voluntarily resigned from his position with the Department of Rehabilitation. The following day, March 16, 1984, he accepted a position with the Illinois Department of Revenue as a "Tax Examiner Trainee." In accordance with administrative regulations, Plaintiff's transfer papers list a continuous service date beginning with Plaintiff's first day of state employment with the Department of Rehabilitation. However, those same papers describe him as a trainee rather than a certified employee.

On August 15, 1984, five months after beginning employment with the Department of Revenue, Plaintiff was discharged without a disciplinary hearing. Further, he was apparently given no reason for his discharge, although he had previously received memos regarding excess absences.

### II—SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56(c), both parties have moved for summary judgment. Rule 56(c) mandates that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The fact that cross-motions for summary judgment have been filed does not *per se* entitle the Court to dispense with the determination of whether questions of material fact exist. We must give no less careful scrutiny to the facts here than we would had only one litigant moved for summary judgment. *See Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt,* 700 F.2d 341, 349 (7th Cir.), *cert. denied,* 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 72 (1983). Having done so, however, we conclude that this cause is properly decided as a matter of law.

### III—ISSUE

The issue before the Court is, quite simply, whether Plaintiff, for due process purposes, was a *certified* employee or a *trainee* employee. The parties agree, and the law is clear, that if Plaintiff was a certified employee he was entitled to due process— in other words, he was entitled to be informed of the reason(s) for his discharge and should have been given a disciplinary hearing. Conversely, if Plaintiff was merely a trainee employee, he was properly discharged without the necessity of notice and hearing.[1]

---

1. Due to the resolution of this issue in Plaintiff's favor, we do not reach his alternative argument that even if he was not a certified employee, he was wrongfully discharged due to the Department of Revenue's breach of the contractual relationship which arose between Plaintiff and the Department pursuant to the Department's employee handbook. We note that this latter argument was the only issue upon which Plaintiff based his motion for summary judgment.

We, nonetheless, enter summary judgment for Plaintiff on an alternative ground because Plaintiff has raised this issue in his complaint, and the Defendants have recognized and argued against this issue in their motion for summary judgment. We further note that the issue Plaintiff does press in his motion for summary judgment would likely have resulted in a favorable outcome for Defendants based on the affirmative defense of qualified immunity.

## IV—ANALYSIS

■ Plaintiff's posture is that although he accepted a position in the Department of Revenue as a "Tax Examiner Trainee," he carried over the benefits of his certified status which he earned during his employment with the Department of Rehabilitation. Conversely, Defendants argue that Ill.Rev.Stat. ch. 127, ¶ 63b108b.17, expressly exempts trainees from the benefits of a certified employee and that the regulations of the Department of Central Management Services (CMS) have never been interpreted to allow a "carry-over" of certified status where an employee transfers to a trainee position.

In light of the plain language of the statute and CMS administrative rules, Defendants' position is untenable.

With respect to the interpretation and construction of Illinois statutes, the Illinois Supreme Court has held: "[T]he primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In doing so, a Court looks first to the statutory language itself. If the language is clear, the Court must give it effect and should not look to extrinsic aids for construction." *In re Marriage of Logston,* 103 Ill.2d 266, 277, 82 Ill.Dec. 633, 469 N.E.2d 167 (1984). With this rule in mind we examine the relevant state statutes and administrative regulations—which have not been addressed by the Illinois courts.

The Illinois statute governing trainee programs provides in pertinent part: "Persons who receive trainee appointments do not acquire any rights under jurisdiction B of the Personnel Code *by virtue of their appointments.*" Ill.Rev.Stat. ch. 127, ¶ 63b108b.17 (emphasis ours). Jurisdiction B of the Personnel Code, as defined at Ill.Rev.Stat. ch. 127, ¶ 63b104a(2), refers to an area of personnel jurisdiction in which employees hold appointments on the basis of merit and fitness. Under Ill.Rev.Stat. ch. 127, ¶ 63b111, it states that employees under jurisdiction B may not be discharged except for cause, upon written charges, and after an opportunity to be heard. Defendants argue that because Plaintiff was

a trainee pursuant to ¶ 63b108b.17, he was not entitled to jurisdiction B benefits.

Plaintiff, however, argues that his certified status was not derived "by virtue of [his] appointment" to the Department of Revenue. Rather, he argues that his certified status was carried over from his employment at the Department of Rehabilitation. The plain language of ¶ 63b108b.17 is fully consistent with Plaintiff's position. Certainly, the statute precludes certified benefits by virtue of Plaintiff's Department of Revenue appointment. But that same language does not prohibit a carry-over of previously earned certified status. In fact, it appears Plaintiff's situation is the very situation for which the legislature was providing when it included the language "by virtue of their appointments." Defendants' reading of the statute would make the inclusion of this phrase superfluous. We must avoid such a reading of the statute. *Zimmerman v. North Am. Signal Co.,* 704 F.2d 347, 353 (7th Cir.1983); *Niven v. Siqueira,* 109 Ill.2d 357, 365, 94 Ill.Dec. 60, 487 N.E.2d 937 (1985).

The administrative regulations promulgated by CMS are fully consistent with our reading of the statute. A "certified" employee is defined in the regulations as "any employee who has satisfactorily completed a required period of probation and attained certified status *in any position* during the employee's most recent period of continuous state service." Ill.Admin.Code tit. 80, § 302.625 (emphasis ours). The regulations define "continuous state service" as "the uninterrupted period of service from the date of original appointment to State service...." *Id.* § 302.190. Further, the regulations state: "Continuous service shall be interrupted by: a) Resignation; provided, however, that such continuous service will not be interrupted by resignation when an employee is employed in another position in the State service within 4 calendar days of such resignation...." *Id.* § 302.200.

It is this combination of regulations, in conjunction with the statute, which enabled Plaintiff to "carry over" his certified status from the Department of Rehabilitation to

the Department of Revenue. Clearly, Plaintiff's continuous service was not broken by his resignation from Rehabilitation because he began work at Revenue the very next day. Having continuous service of more than six months, Plaintiff thereby met the regulation's definition of a certified employee because he had "attained certified status *in any position* during [his] most recent period of continuous state service." *Id.* § 302.625 (emphasis ours). The pertinent statute, Ill.Rev.Stat. ch. 127, ¶ 63b108b.17, is fully in accord and consistent with these regulations. Again, it appears, like the statute, that the regulations were carefully crafted to cover situations just like Plaintiff's.[2]

Defendants' only argument to rebut Plaintiff's position on this issue is that Central Management Services' rules "have never been interpreted to give a trainee any rights under jurisdiction B of the Personnel Code." As noted above, where the plain language of a statute is clear—and we have found here that it is—a court interpreting that statute may not "look to extrinsic aids for construction." *Logston,* 103 Ill.2d at 277, 82 Ill.Dec. 633, 469 N.E.2d 167. Even if we could consider extrinsic evidence, we would have to find that the Department's interpretation of its rules is simply not supported by the plain and unambiguous language of the statute and regulations.

## V—DISMISSAL OF DEFENDANT McCLURE

In their motion for summary judgment, Defendants argue that Defendants Johnson, McClure, and Nickell should be dismissed from this cause as Plaintiff is unable to show their personal involvement in the deprivation of Plaintiff's due process right. *See Wellman v. Faulkner,* 715 F.2d 269, 275 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984); *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982). Plaintiff concedes,

with respect to Defendant McClure, that he is unable to show that Defendant's personal participation since McClure did not assume his position of Director of CMS until September 1, 1984—two weeks after Plaintiff was discharged. With respect to Defendants Johnson and Nickell, Defendant's argument is meritless. These Defendants approved the discharge of Plaintiff and such action was taken pursuant to the duties of the positions they held. Apparently, Defendant Nickell signed Plaintiff's discharge form in the name of Defendant Johnson. Thus, they must both assume responsibility. Clearly, Plaintiff's discharge took place "at the direction" of Defendant Johnson and "with the knowledge" of Defendant Nickell. *See Wellman,* 715 F.2d at 275; *Crowder,* 687 F.2d at 1005.

## VI—CONCLUSION

*Ergo,* having reviewed the pertinent statutes and regulations and having found them to be clear and unambiguous in their meaning, we find that Plaintiff was denied due process when he was discharged from his position at the Department of Revenue without notice or hearing, thus violating his Fourteenth Amendment right.

Plaintiff's motion for summary judgment is ALLOWED. Conversely, Defendants' motion for summary judgment is DENIED —except insofar as it requests Defendant McClure to be dismissed from the cause.

This cause is hereby referred to the United States Magistrate for appropriate scheduling concerning the issue of damages—the liability issue having been found against the remaining Defendants.

---

2. In their brief supporting their motion for summary judgment, Defendants assert that § 302.625 was promulgated to protect those employees who had been promoted and were on probationary status without a break in state service. *See* Affidavit of Donald J. Kinsel, Manager of Employee Relations for the Illinois Department of Central Management Services, ¶ 5 (Dec. 18, 1986).