**Benjamin HAGAN, Plaintiff,**

**v.**

**Dick CLARK, and Clay Del Rosario, Defendants.**

**Civ. No. S 90–403S.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 25, 1991.

---

**108**

Benjamin Hagan, pro se.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On September 5, 1990, plaintiff *pro se*, Benjamin Hagan, an inmate at the Indiana Reformatory, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and (4). The motion for summary judgment filed by defendants on October 1, 1991, demonstrates the necessary compliance with the mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The defendant Clark was

the Superintendent of the Indiana State Prison at the time the plaintiff was incarcerated there, and the defendant Clay Del Rosario is the Medical Director of the Indiana State Prison and is employed as a full-time physician.

This case basically involves a claim with regard to an Eighth Amendment deprivation of appropriate medical treatment and, therefore, standards of deliberate indifference apply.

The basic standard of deliberate indifference is found in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). For examples of where deliberate indifference is shown, see *McGill v. Duckworth*, 944 F.2d 344 (7th Cir.1991), *Salazar v. Chicago*, 940 F.2d 233 (7th Cir.1991), *Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir.1988), *Richardson v. Penfold*, 839 F.2d 392, 394–95 (7th Cir.1988). *See also Musgrove v. Broglin*, 651 F.Supp. 769 (N.D.Ind.1986); and *Burris v. Kirkpatrick*, 649 F.Supp. 740 (N.D.Ind.1986).

The Seventh Circuit recently observed that "[i]n order to show 'deliberate indifference,' a plaintiff is required to prove that the prison official's action was deliberate or reckless in the *criminal sense*." *Santiago v. Lane*, 894 F.2d 218 (7th Cir.1990) (emphasis added) (footnote omitted). The United States Supreme Court has cited the Seventh Circuit's criminal recklessness standard with approval. *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986), *citing Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). In *Franzen*, the Seventh Circuit noted that punishment under the Eighth Amendment "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." 780 F.2d at 653. For the current last word on the subject in this circuit, see *Wilks v. Young*, 897 F.2d 896 (7th Cir.1990). *See also* the insightful analysis of Judge Anderson in *Gomm v. DeLand*, 729 F.Supp. 767 (D.Utah 1990).

Most recently, on June 17, 1991, in *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the Supreme Court of the United States, speaking through Justice Scalia, has revisited this issue under the Eighth Amendment. An extensive quotation therefrom is in order:

"These cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment. *See also Graham v. Connor*, 490 U.S. 386, 398 [109 S.Ct. 1865, 1872, 104 L.Ed.2d 443] (1989). Petitioner concedes that this is so with respect to some claims of cruel and unusual prison conditions. He acknowledges, for instance, that if a prison boiler malfunctions accidentally during a cold winter, an inmate would have no basis for an Eighth Amendment claim, even if he suffers objectively significant harm. Reply Brief for Petitioner 12–14. petitioner and the United States as amicus curiae in support of petitioner, suggests that we should draw a distinction between 'short-term' or 'one-time' conditions (in which a state of mind requirement would apply) and 'continuing' or 'systemic' conditions (where official state of mind would be irrelevant). We perceive neither a logical nor a practical basis for that distinction. The source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual punishment. If the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify. As Judge Posner has observed:

"The infliction of punishment is a deliberate act intended to chastise or deter. This is what the word means today; it is what it meant in the eighteenth century.... [I]f [a] guard accidentally stepped no [a] prisoner's toe and broke it, this would not be punishment in anything remotely like the accepted meaning of the word, whether we consult the usage of 1791, or 1868, or 1985."

*Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir.1985), *cert. denied*, 479 U.S. 816 [107 S.Ct. 71, 93 L.Ed.2d 28] (1986). *See also Johnson v. Glick*, 481 F.2d 1028, 1032 (2nd Cir.1973) (Friendly, J.), ("The thread common to all [Eighth Amendment prison cases] is that 'punishment' has been deliberately administered for a penal or disciplinary purpose"), *cert. denied sub nom John v. Johnson*, 414 U.S. 1033 [94 S.Ct. 462, 38 L.Ed.2d 324] (1973). Cf. *Block v. Rutherford*, 468 U.S. 576, 584 [104 S.Ct. 3227, 3231, 82 L.Ed.2d 438] (1984); *Bell v. Wolfish*, 441 U.S. 520, 537–539 [99 S.Ct. 1861, 1872–74, 60 L.Ed.2d 447] (1979). The long duration of a cruel prison condition may make it easier to establish knowledge and hence some form of intent, cf. *Canton v. Harris*, 489 U.S. 378, 390, n. 10 [109 S.Ct. 1197, 1205, n. 10, 103 L.Ed.2d 412] (1989); but there is no logical reason why it should cause the requirement of intent to evaporate. The proposed short-term/long-term distinction also defies rational implementation. Apart from the difficulty of determining the day or hour that divides the two categories (is it the same for all conditions?) the violations alleged in specific cases often consist of composite conditions that do not lend themselves to such pigeonholing. Cf. *McCarthy v. Bronson*, 500 U.S. —, — [111 S.Ct. 1737, —, 114 L.Ed.2d 194] (1991) (slip op., at 6).

\* \* \* \* \* \*

As other courts besides the Court of Appeals here have understood, see *Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir.1983), *cert. denied*, 468 U.S. 1217 [104 S.Ct. 3587, 82 L.Ed.2d 885] (1984); *Hoptowit v. Ray*, 682 F.2d 1237, 1247 (9th Cir.1982); *Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir.1982), our statement in Rhodes was not meant to establish the broad proposition that petitioner asserts. Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that pro-

duces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Compare Spain v. Procunier*, 600 F.2d 189, 199 (7th Cir.1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day) with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir.1980) (outdoor exercise not required when prisoners otherwise had access to day room 18 hours per day). To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists....

*Wilson v. Seiter*, —— U.S. at ——, 111 S.Ct. at 2324–27.

■ This court has before it literally massive medical records. It is also apparent that the defendant Dick Clark as Superintendent had no involvement in the delivery of this medical care. The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of respondeat superior cannot be the basis of a claim under § 1983. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir.1986); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984); *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir.1981); and *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971). In light of the above cases, the defendant, Dick Clark, is entitled to be dismissed from this case.

■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord Arkwright–Boston Mfrs. Mut. Ins.*

*Co. v. Wausau Paper Mills Co.*, 818 F.2d 591, 593 (7th Cir.1987). A material question of fact is a question which will be outcome-determinative of an issue in that case. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984).

Recently, the Supreme Court of the United States took the opportunity to address Rule 56. In two cases decided on the same day, the Court expanded the scope of the application of Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

■ After *Celotex*, it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. 477 U.S. at 325–26, 106 S.Ct. at 2553–54. *See also Catrett v. Johns–Manville Sales Corp.*, 826 F.2d 33 (D.C.Cir.1987), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The initial burden is on the moving party to demonstrate "'with or without supporting affidavits'" the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Rule 56). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.'" *Id.* Furthermore, in *Anderson*, the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. 477 U.S. at 248, 106 S.Ct. at 2509. In addition, the court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 252–55, 106 S.Ct. at 2512–14. For recent academic insight into *Celotex* and *Anderson*, see Childress, *A New Era for Summary Judg-*

*ments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 194 (1987), where the author states:

> The recent Supreme Court cases likely require that summary judgment be more readily granted.... This emerging trend signals a new era for summary judgment, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record.

For the judicial epilogue of *Celotex*, see *Catrett v. Johns–Manville Sales Corp.*, 826 F.2d at 33. A recent object lesson applying these ideas is found in *Puckett v. Soo Line Railroad Co.*, 897 F.2d 1423 (7th Cir.1990), *Jamison–Bey v. Thieret*, 867 F.2d 1046 (7th Cir.1989), and *Richardson v. Penfold*, 839 F.2d 392 (7th Cir.1988). For an exact and recent analysis on this subject, see Friedenthal, *Cases on Summary Judgment: Has There Been a Material Change in Standards?* 63 Notre Dame L.Rev. 770 (1988).

When one walks through these medical records as placed before this court, one fails to find deliberate indifference as it was defined in and at the time of *Estelle, supra*, 15 years ago, much less the way it is most recently defined in *McGill, supra*, and *Salazar, supra*. It is simply not present.

This plaintiff has failed to assert an arguable claim under the Eighth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment. Therefore, these defendants are entitled to judgment as a matter of law. Judgment shall enter for the defendants and against the plaintiff. Each party shall bear its own costs. The bench trial set on December 17, 1991, is hereby STRICKEN. IT IS SO ORDERED.