Gregory BROWNLOW, Plaintiff,

v.

Mario CHAVEZ, Defendant.

No. IP 93–3 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 25, 1994.

Gregory Brownlow, pro se.

Thomas D. Quigley, Office of the Attorney General, Indianapolis, IN, for defendant.

**ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT**

BARKER, Chief Judge.

This cause is before the court on the plaintiff's amended complaint, on the defendant's answer, on the defendant's motion for summary judgment and on the parties' materials supporting and opposing such motion. The plaintiff has followed these filings with a document entitled "motion for expansive brief."

Whereupon the court, having read and examined such pleadings, motions and materials, and being duly advised, now makes its ruling.

## Background

Plaintiff is a prisoner at the Indiana Reformatory. The defendant is a physician at that institution. The plaintiff seeks relief pursuant to 42 U.S.C. § 1983 based on the failure of the defendant to provide appropriate medical treatment over the past several years. He seeks damages and injunctive relief. The defendant seeks the entry of summary judgment, an effort the plaintiff has opposed. The defendant will succeed, of course, only if the pleadings and the expanded evidentiary record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). This is not a discretionary matter on the part of the court. *Jones v. Johnson*, 26 F.3d 727 (7th Cir.1994). "Summary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka and Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir.1994). For the reasons which follow, the court finds the requirements of Rule 56(c) have been met and hence is compelled to grant the defendant's motion.

## Discussion

Brownlow's action is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, —— U.S. ——, ——, 112 S.Ct. 1827, 1830, 118 L.Ed.2d 504 (1992). To state a claim under § 1983, a

plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

▮ As a convicted offender, the plaintiff may not be deprived of the minimal civilized measure of life's necessities without violating the Eighth Amendment's proscription against cruel and unusual punishment. *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). In *Farmer v. Brennan,* —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Court reviewed and refined the necessary elements of an Eighth Amendment violation. First came the review:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious" ...; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities".... The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson,* 501 U.S. at 297 [111 S.Ct. at 2323] (internal quotation marks, emphasis and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid.* ... In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

—— U.S. at ——, 114 S.Ct. at 1977 (citations omitted). Then came the refinement, a definition of the long-used term "deliberate indifference":

> We hold ... that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.

*Id.,* —— U.S. at ——, 114 S.Ct. at 1979.

▮ *Farmer* is the most recent Eighth Amendment descendant of *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). *Estelle* confirms that the Eighth Amendment provides that there is a minimum level of medical care which prisoners are entitled to receive under the Constitution. However, "this ... does not mean ... that every claim by a prisoner that he has not received adequate medical treatment states a claim under the Eighth Amendment." *Id.,* 429 U.S. at 105, 97 S.Ct. at 291. Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence, does not amount to a constitutional violation. *Id.* at 106, 97 S.Ct. at 292. To cast this notion in the language of tort, the County has an affirmative duty "to provide persons in its custody with a medical care system that meets minimal standards of adequacy." *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir.1985) (quoting *Wellman v. Faulkner,* 715 F.2d 269, 271 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984).

*Farmer* affirms the Seventh Circuit's requirement of a culpable subjective state of mind. Thus, what a defendant *reasonably should have known* is not sufficient to meet this standard.

Based upon the *Estelle* standard, courts consistently have held that prisoners' medical malpractice claims do not state a cognizable Eighth Amendment claim. *See e.g., Penn v. Starks,* 575 F.Supp. 1240 (N.D.Ind.1983). In *Penn,* a prisoner disagreed with the type and quality of medical services he received. The district court entered summary judgment in the defendant's favor, holding:

> Where, as here, the inmate plaintiff has been seen and treated on several occasions by more than one physician as well as other medical personnel, nothing more than a case of medical malpractice., *i.e.,* negligence, has been stated, and such does not give rise to a cognizable claim under § 1993 (citations omitted).
>
> Even if it could be argued that plaintiff's claim is grounded on a sincere disagree-

ment with the type and quality of treatment received, such disagreement between the inmate and his treating physician does not constitute a constitutional deprivation (citations omitted).

*Id.* at 1243.

■ Here, the record shows that Brownlow's left knee was injured when he slipped on a wet floor in 1989.[1] He suffered torn ligaments in his knee. He contends that the injury he received at the time was misdiagnosed, and hence mistreated by medical personnel for a period of time. Claims having to do with the initial misdiagnosis are not actionable in this action because they have not been timely brought. *Loy v. Clamme,* 804 F.2d 405, 408 (7th Cir.1986) (applying *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and Ind.Code 34–1–2–2(1)). Any claim which Brownlow had and which accrued more than two years prior to the commencement of this action on January 12, 1993 (the date the plaintiff's complaint and request to proceed *in forma pauperis* were received by the Clerk) is barred.[2]

■ The record also shows that Brownlow's concerns with the condition of his knee have received the response of Reformatory medical personnel on scores of occasions both before and after the time when any action could have been timely brought here. He has been seen by orthopedic specialists at an outside hospital on many occasions. Specialists at that clinic performed surgery on the knee. He has been ambulatory throughout this period. His medical chart indicates that on September 2, 1991 he refused an ice pack and an ace wrap for the knee. The use of a cane and a knee brace was considered and rejected as unwarranted in February 1992.

When later warranted, however, he was provided with a brace for his knee.

The surgery was performed at Wishard Hospital in late September 1993. Brownlow remained at Wishard for several days and received intense but probably normal post-operative care. He does not complain that the surgery (a repair of the ligaments) was unsuccessful or not performed in a skilled fashion. The defendant did not perform the surgery, but certainly facilitated it when he requested this service in June 1993. The defendant, moreover, played a principal but far from exclusive role in providing the steady flow of medical services to the plaintiff at the Reformatory. Those services may not always have been delivered precisely as, when and how Brownlow believes justified. And the surgery, obviously, occurred many months after this action was filed. But Brownlow has failed to come forward with *any* evidence that the defendant was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also [drew] the inference." In short, these circumstances do no support an Eighth Amendment claim for the infliction of cruel and unusual punishment.

### Conclusion

■ The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988), nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.

■ Brownlow is dependent on the State of Indiana for maintaining his safety and welfare. His theory in this case is a viable one, for the Eighth Amendment does limit

1. There is reference in the record to a medical condition affecting one of the plaintiff's hands. However, there is no claim of inadequate medical care for his hand in the amended complaint.

2. Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. *Lawshe v. Simpson,* 16 F.3d 1475 (7th Cir.1994). *See also Diaz v. Shallbetter,* 984 F.2d 850, 855 (7th Cir. 1993) ("Every constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted.").

The plaintiff is incorrect that his cause of action accrued when he learned of how the previous errors (as he views them) would be remedied. His continuing violation theory, moreover, is implausible because he was painfully aware of each event in the saga which the amended complaint portends. The doctrine he seeks to invoke depends on continuing events, not continuing *effects* from the specific events which support a claim. *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980).

the conditions to which convicted offenders may be subjected. The record here, however, does not support the application of his theory because, at a minimum, the defendant was not deliberately indifferent to his serious medical needs. The foregoing shows that the defendant has established his entitlement to summary judgment. That motion, therefore, will be **granted** and a final judgment shall now issue.[3] The trial and pre-trial conference settings in this case are **vacated.**

**IT IS SO ORDERED.**

## JUDGMENT

The Court, having this day made its Entry, and having directed the entry of final judgment,

**IT IS ADJUDGED AND DECREED** that the defendant's motion for summary judgment is **GRANTED** and that judgment on the plaintiff's claim against the defendant is entered for the defendant and against the plaintiff.

---

**3.** Rule 56 contemplates that parties will be afforded adequate time to conduct necessary discovery. *Banco de Credito Indus. v. Tesoreria General,* 990 F.2d 827, 838 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 877, 127 L.Ed.2d 73 (1994). Brownlow's motion for an expansive brief and his affidavit opposing the motion for summary judgment posit that he has been denied pertinent discovery. The court disagrees and concludes, rather, that any discovery requests which have gone unanswered could not reasonably be expected to alter the outcome here. A factual dispute must be outcome determinative to preclude summary judgment, *Donald v. Polk County,* 836 F.2d 376, 379 (7th Cir.1988), and the mere assertion of a factual dispute cannot defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). For this reason the court denies the plaintiff's implied request to prolong the development of the defendant's motion in order for further discovery to take place.